## MAYOR, ETC., OF MACON *et al. vs.* HARRIS.

EQUITY, FROM BIBB. Equity. Railroads. Verdict. New Trial. Corporations. Municipal Corporations. Practice in Superior Court. Evidence. Damages. Decrees. Torts. Injunction. (Before Judge Simmons.)

Jackson, C. J.—1. Where a case in equity is tried on special issues of fact submitted to the jury, it is necessary that the judge propound only such broad questions and put such main issues as will enable him; from the answers thereto, the admitted or uncontested facts, the pleadings and the principles of law and equity, to decree on the entire case and adjudicate the rights of the parties. To put sifting questions would tend only to confuse the jury, instead of drawing from them the main facts in the case. Coleman, sheriff *et al, vs.* Slade & Etheridge, (decided to day). 1 GA. LAW REPORTER, 215.

2. The evidence being conflicting, the court below did not abuse his discretion in holding that it was sufficient to sustain the entire verdict, and each separate answer contained in it, and in refusing to disturb it.

3. The question at issue being the legality or illegality of the running of a railway car and engine on a street in a city and the measure of damages for the injury done to plaintiff's house and lot and the lessening of the value thereof, it was irrelevant to show that the porch of the plaintiff projected upon the sidewalk. If such projection was illegal and a nuisance by reason of its illegality, the municipal authorities could abate it, unless some license, or lapse of time; or other reason showing it to have been authorized or acquiesced in, should have legalized it.

4. Where the court properly charged on the measure of damages and the character of the elements going to make up the damage in such a case, there was no error in refusing a long request to charge containing an elaborate enumeration of the elements which do or do not make up the sum of damages in such cases, or to enumerate a multitude of such elements of damage as may be considered or rejected by the jury.

5. Where a judge does not certify the truth of grounds of a motion for new trial, but refers to the record, this court will not look to a stenographic report containing the questions and answers of witnesses and the remarks of the court and counsel, in order to verify such grounds. It is a brief of the oral testimony which may be made a part of the record on motion for new trial, and there is no law allowing such a stenographic report to be filed as part of the record.

(a) The points do not seem to be of much materiality, even if verified.

6. If property be damaged by an illegal act of a corporation, the president thereof cannot bar the right to recover or mitigate the damages by an offer to buy the property from the injured person at a price put on it by any real estate agent, and such an offer is not admissible in evidence.

7. Where the presiding judge did not certify a ground of motion for new trial, but said he did not remember it as counsel stated it, but "he, however, is so confident of it, that I dislike to disapprove it," this was, in effect, a disapproval.

(a) When a case in equity was tried on special issues of fact, if a question was propounded by complainant's counsel at the conclusion of the argument, without notice to the respondent's counsel, and was given by the court in his charge, if counsel for respondents desired an

opportunity to be heard in argument in respect to such issue, he should have asked it; and if he failed to do so, a new trial will not be granted on that ground.

8. The re-opening of a case after it has been announced closed is a matter of discretion. Besides the evidence offered in this case was cumulative in its character, and there was no abuse of discretion in refusing to re-open the case to admit it.

9. There was some evidence to support the finding of the jury that the road was built mainly for the benefit of the manufacturing company, and the presiding judge having approved the finding, this court will not interfere.

10. Verdicts must have a liberal construction, and should be construed so as to stand if practicable, and the judge may examine the entire pleadings, the admissions in the answer and all undisputed facts in making a final decree. So construed, the verdict in this case, finding on issues of fact, was sufficient, and was not so conflicting as not to enable the court to render a legal decree.

11. The pleading and verdict in this case were sufficient to authorize a decree for damages against the mayor and council of Macon, who, for an annual stipend, authorized the damage to be done, if the road was run improperly and ultra vires. Nor does a guaranty against loss to the city relieve it from liability to the plaintiff. Besides, this court has held that the city was part and parcel of the combination, and that each of the corporations was liable.

(a) This covers the exception as to the liability of the manufacturing company for whose benefit the whole scheme was planned and executed, and of the street car company, the charter of which was used for that purpose.

12. The decree was not objectionable because it did not award damages against individuals who where made defendants because interested in the matter, but who were in no wise actors therein except as officers or members of two of the corporations who were made defendants, or vendor of the charter of the street car company.

13. If a railroad existed and was used in front of the property of the complainant, and was a standing cause of continuous damage to him, and was put there by a sham contrivance for private ends, it ought to be removed, and all interested therein should be decreed to remove it.

(a) If the individual respondents are not interested in its continuance, and did not, as individuals, take part in organizing and scheming to work the sham and operate the road, then it is right to omit or except them in the decree. But really they are not in the decree, "said defendants" referring to the three corporations.

14. If the charter of the street railroad company has been misused to benefit private persons, and if, instead of being used to operate a road for the public, by a sham arrangement and contrivance it has been used to operate it for a private corporation, its operation or use ought to be perpetually enjoined.

Judgment affirmed.

Hill & Harris; Hardeman & Davis, for plaintiffs in error.

L. N. Whittle; C. L. Bartlett; Gustin & Hall, for defendant.